UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY SCOTT VANHUISSEN,<br><br>Plaintiff,<br><br>v.<br><br>WARNER BROS., et al.,<br><br>Defendants. | Case No. 24-cv-05788-PCP<br><br>**ORDER OF DISMISSAL** |

Gregory Van Huisen, an inmate at the Mule Creek State Prison, filed this *pro se* civil rights action under 42 U.S.C. § 1983.[1] He sues Warner Brothers, Time Warner, and Leonardo DiCaprio. The Complaint is now before the Court for review under 28 U.S.C. § 1915A. Mr. Van Huisen's Complaint is dismissed with prejudice because it does not state a claim for relief.

**I.    Background**

Mr. Van Huisen accuses defendants of "browbeating and splashing" him in violation of the Eighth Amendment, *id*. at 3; engaging in "negligence" and "theft by deception" related to "harvest time" and "dry rot," *id*. at 7; and some undefined claim related to "precedence," *id*. at 9. He seeks $27 million dollars for "actions that caused reckless and callous indifference to my rights motivated by evil intent civil disobedience and inchoate crime. Entrapment." *Id*. at 3.

**II.   Legal Standard**

Federal courts must screen any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must

---

[1] The caption incorrectly identifies the plaintiff as "Gregory VanHuissen." The plaintiff identifies himself as "Gregory Van Huisen" throughout the Complaint. *See generally* Compl. The Court shall use this spelling, and the Clerk shall correct the caption.

1  identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim
2  upon which relief may be granted, or seek monetary relief from a defendant immune from such
3  relief. 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *See Balistreri v.*
4  *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

### III. Analysis

The first defect in Mr. Van Huisen's Complaint is that he does not identify a proper defendant. 42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States.'" *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. *See Graham v. Connor*, 490 U.S. 386, 393–94 (1989). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda County*, 811 F.2d 1243, 1245 (9th Cir. 1987). Here, Mr. Van Huisen makes no claim and introduces no facts to suggest his targeted defendants acted under color of state law, and so cannot proceed on a § 1983 claim. *See generally* Compl.

More generally, Mr. Van Huisen does not state any claim for relief. Although he mentions treason, trespass, conspiracy, elections, property, and defamation, Mr. Van Huisen does not identify any injury that has been done to him, nor does he provide any facts to support any of his allegations. *See generally id*. Rather, Mr. Van Huisen fills ten pages with difficult-to-decipher statements and quotations from religious sources, films, and some unknown text that appears to be related to Christopher Columbus's ships. *See id*. The Complaint does not inform the Court who injured Mr. Van Huisen, how he was injured, where and when he was injured, and why he believes this injury was unlawful. Accordingly, Mr. Van Huisen has failed to state a claim.

In the year prior to the instant Complaint, in this District alone, Mr. Van Huisen filed nine civil rights lawsuits with similarly difficult to understand and often impossible allegations, against

improper defendants.[2] When given an opportunity and detailed instructions on how to amend, Mr. Van Huisen has failed to correct these defects. *See, e.g.*, *Van Huisen v. Lafrades*, Case No. 23-cv-4800-PCP. Although district courts generally afford prisoner litigants the opportunity to amend their complaint, a district court may deny leave to amend if it finds any of: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; [or] (5) [the] plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Here, because Mr. Van Huisen sues defendants who are clearly not state actors, and in light of his history of filing frivolous actions, the Court concludes that leave to amend would be futile and should not be granted. *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994) (leave to amend need not be given where amendment would be futile).[3]

## IV.  Conclusion

This action is dismissed for failure to state a claim upon which relief may be granted. Because amendment would be futile, dismissal is without leave to amend.

The Court certifies that any appeal of this order is not taken in good faith.

The Clerk shall terminate all pending motions and close the file.

**IT IS SO ORDERED**.

Dated: March 26, 2025

P. CASEY PITTS
United States District Judge

---

[2] *See Van Huisen v. Goss*, Case No. 23-cv-4210-PCP; *Van Huisen v. Gates*, Case No. 23-4447-PCP; *Van Huisen v. Central Intelligence Agency*, Case No. 23-4591-PCP; *Van Huisen v. United States Air Force*, Case No. 23-cv-4753-PCP; *Van Huisen v. Lafrades*, Case No. 23-cv-4800-PCP; *Van Huisen v. Volkswagen Motors*, Case No. 23-cv-4866-PCP; *Van Huisen v. Burns*, Case No. 23-cv-4914-PCP; *Van Huisen v. DiCaprio*, Case No. 23-cv-5081-PCP; *Van Huisen v. Chief of Staff Navy*, Case No. 24-cv-7015-PCP.

[3] For Mr. Van Huisen's benefit, the Court notes that its dismissal means he cannot proceed on these claims and facts. If Mr. Van Huisen re-files the same claims in a new action, on the same facts, that action also will be dismissed for failure to state a claim. Every dismissal for failure to state a claim is a "strike" under the Prison Litigation Reform Act.